# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| MOLLY S. P.,[1] <br><br> Plaintiff, <br><br> vs. <br><br> MARTIN O'MALLEY, <br> Commissioner of Social Security, <br><br> Defendant. | No. 22-CV-4042-CJW-KEM <br><br><br> **ORDER** |

## I. INTRODUCTION

This case is before the Court on an April 24, 2024 Report and Recommendation ("R&R") filed by the Honorable Kelly K.E. Mahoney, Chief United States Magistrate Judge. (Doc. 28). Judge Mahoney recommends that the Court reverse and remand the decision rendered by the Commissioner of Social Security ("the Commissioner") denying Molly S. P.'s ("Claimant") application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 United States Code, Sections 401–434. Neither party has objected to the R&R. The deadline for such objections has expired. For the reasons stated below, the Court **accepts** Judge Mahoney's R&R (Doc. 28) without modification.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

## II. APPLICABLE STANDARDS

### A. *Judicial Review of the Commissioner's Decision*

A court must affirm the Commissioner's decision "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but [it does] not re-weigh the evidence . . . ." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Hum. Servs.*, 879 F.2d 441, 444 (8th Cir. 1989) (citing *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987)). As noted, the court, however, does not "reweigh the evidence presented

to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), nor does it "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (quoting *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

### *B. Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district judge may, however, elect to review an R&R under a more exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985).

### III. BACKGROUND

The Court has reviewed the record and finds that Judge Mahoney accurately summarized the pertinent facts and procedural history of this case. (Doc. 28, at 1-12). In short, claimant worked for years as a pharmacy technician before she stopped working due to a number of physical and mental impairments, the most serious of which involved back problems and pain. Claimant applied for disability insurance benefits in 2019 based primarily on her back pain, alleging an onset of October 31, 2013. (*Id.*, at 9). The Commissioner denied her benefits and she sought review by an Administrative Law Judge ("ALJ"). (*Id.*, at 9-10). The ALJ found claimant suffered from severe impairments of degenerative disc disease of the lumbar and cervical spine and obesity, but found her mental health issues were nonsevere. (*Id.*, at 10). Despite her severe impairments, the

4

ALJ found claimant could still perform light work and there were jobs available for her. (*Id.*, at 11).

## IV. DISCUSSION

Claimant argued that the ALJ erred in rating her mental health issues nonsevere, determining she could perform light work, and in failing to develop the record. (*Id.*, at 12). The Court will address each ground separately.

After thoroughly reviewing the record and the ALJ's findings, Judge Mahoney found that the ALJ did not err in concluding that claimant's mental health impairments were nonsevere and recommended the Court affirm the ALJ's findings here. (*Id.*, at 13-17). The Court agrees, upon its own review of the record, that substantial evidence supports the ALJ's findings. Although it is clear that claimant had some mental health impairments, and those impairments worsened by the time of the hearing, the record supports the ALJ's findings that during the claimed period her mental health impairments were nonsevere. The Court affirms the ALJ's findings on this ground.

Judge Mahoney likewise thoroughly reviewed the record as to claimant's assertion that the ALJ erred in assessing claimant's residual functional capacity, that is her ability to work despite her severe physical back impairments. (*Id.*, at 17-28). Although it is a close case, the Court concurs with Judge Mahoney's assessment that substantial evidence does not support the ALJ's findings here. The Court agrees with Judge Mahoney that "the ALJ relied too heavily on the relatively mild MRI findings and lack of surgical treatment options, while ignoring positive physical examinations, medical opinions, and treatments Plaintiff did pursue." (*Id.*, at 28). The Court affirms claimant's objection and reverses the ALJ's decision on this ground and orders the case remanded to the Commissioner for further proceedings consistent with this order and Judge Mahoney's R&R.

Last, as to claimant's argument that the ALJ failed to adequately develop the record, Judge Mahoney noted that, if the Court adopts her R&R, the case will be remanded for further proceedings, at which time the parties may submit additional evidence and further develop the record. (*Id.*, at 28-29). Having agreed with Judge Mahoney on the need for a remand, the Court likewise concurs with Judge Mahoney's observation that the parties will have an opportunity to further develop the record on remand. In this regard, the Court agrees with Judge Mahoney that on remand the ALJ need not obtain missing treatment records or opinion evidence for the reasons Judge Mahoney explains. (*Id.*, at 29).

## V. CONCLUSION

For these reasons:

1. The Court **accepts** Judge Mahoney's R&R (Doc. 28) without modification. *See* 28 U.S.C. § 636(b)(1).

2. Consistent with Judge Mahoney's recommendation:

   a. The Commissioner's determination is **reversed** and this matter is **remanded** to the Commissioner for further proceedings as described by Judge Mahoney, specifically with regard to a re-evaluation of claimant's residual functional capacity as it relates to her physical impairments.

**IT IS SO ORDERED** this 6th day of June, 2024.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa